# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY - 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KEVIN R. KELLY
105 PARRISH LANE
COLONIAL BEACH, VA  22443,

    Plaintiff,

v.

HECTOR V. BARRETO, ADMINISTRATOR
U.S. SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W., SEVENTH FLOOR
WASHINGTON, DC  20416,

    Defendant.

CASE NUMBER  1:05CV00900

JUDGE: Paul L. Friedman

DECK TYPE: Employment Discrimination

DATE STAMP: 05/05/2005

## COMPLAINT

1.    This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* (hereinafter "Title VII"), and the Civil Rights Act of 1991 (1991 Act), 42 U.S.C. §1981a.

2.    Jurisdiction of this Court is founded on Title VII, Section 701 *et seq.*, 42 U.S.C. §§ 2000e *et seq.*, the failure of the Defendant to act under 42 U.S.C. § 2000e-16(c), and the failure of the Merit System Protection Board to act upon the appeal within 120 days under 5 U.S.C. § 7702(e)(1)(B).

3.    Venue is proper in this Court pursuant to 29 U.S.C. § 1391 (b), because the claims arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

## PARTIES

### Plaintiff

4.      Plaintiff, Kevin R. Kelly, is a resident of Colonial Beach, Virginia, and until July 3, 2004 he was an employee of the United States Small Business Administration as a Business Opportunity Specialist Minority Business Enterprise Development, GS-12, in the Office of Small Disadvantaged Business Certification and Eligibility, Office of Government Contracting and Business Development, with Federal service under the Civil Service Retirement System of 22 years and 10 months.  He has filed EEO claims for which the 180-day period provided for the administrative process for age discrimination and for race discrimination and retaliation, individual claims filed at the same time that the class action claims were filed and for which the 180 days expired and for which the Defendant did not act upon the Plaintiff's individual claims within the 180-day administrative period, and an one additional EEO claims for retaliation that the agency has not responded to although his legal representative sent them by Overnight and Certified mail on December 18, 2003.

### Defendant

5.      Defendant Hector V. Barreto is the Administrator of the SBA, an agency as that term is defined in Section 5 of Title 5 for the purposes of 42 U.S.C. § 2000e-16(a).

## **FACTUAL BACKGROUND**

6.     On June 11, 2003, the Plaintiff had his mid-year review with his first-line supervisor, Leo Sanchez, that he refused to sign because the critical elements and performance standards had been changed without consultation with the bargaining unit employees as required by the 1999 Master Agreement between the Defendant and the American Federation of Government Employees ("AFGE").

7.     At the time that the Plaintiff refused to sign his mid-year review, the document did not indicate that he had been placed on a Performance Improvement Plan ("PIP").

8.     The Plaintiff did not receive a copy of the PIP until it was faxed to him by the Defendant's Office of Human Resources ("OHR") on July 3, 2003.

9.     On October 8, 2003, Plaintiff by and through counsel filed by hand an individual EEO complaint based upon race (African American) in conjunction with the class EEO complaint to which he is a Plaintiff in another civil matter before this Honorable Court.

10.    The Plaintiff's individual complaint alleged that his PMAS elements were changed in retaliation for filing a Union grievance; that he was informed that he was working under new elements on June 11, 2003, during the time of his mid-year review; that he was denied due process, provided for in the Union Master Agreement regarding the PMAS elements; and, that he was treated differently than a Hispanic employee in the office (disparate treatment).

11. Plaintiff, by and through counsel on October 8, 2003, and by hand filed a second EEO complaint alleging race discrimination (African American) against his supervisor, Leo Sanchez, due to events that occurred on August 6, 2003, and for race and age discrimination for placing the Plaintiff on a PIP.

12. The Plaintiff alleged that he was placed on the PIP as additional retaliation because his supervisor, Leo Sanchez, thought that the Plaintiff was the spokesperson for the class and had previously filed the Union Grievance concerning the PMAS elements as well as disparate treatment based upon race (African American).

13. The Plaintiff further alleged that, on August 6, 2003, when he and the Union Steward, Veronica Johnson, attempted to attend his first meeting with his supervisor on his PIP, the supervisor yelled at Ms. Johnson to leave his office because she had no right to be there and shouted at the Plaintiff a direct order to sit down in such manner as to make the Plaintiff feel physically as if he was having a heart attack.

14. The Plaintiff left his supervisor's office, and went back to his office where the public health nurse came and got him in a wheelchair to take him to the nurse's station to administer drugs until a family member could take him to the hospital.

15. The Plaintiff was off work and under a physician's care from August 6, 2003 until November 4, 2003, when the physician released him to return to work to light duty under another supervisor.

16. On October 16, 2003, Plaintiff by and through counsel filed an amendment to the October 8, 2003 three-count EEO complaint against Leo Sanchez to add a retaliation count against the Plaintiff's supervisor, Leo Sanchez, for sending a Federal Express letter to his home demanding the location of 32 files while the Plaintiff was under a doctor's care and on sick leave.

17. The Office of Equal Rights and Civil Rights Compliance (hereinafter "EEOCRC") accepted the two EEO complaints as Kelly v. SBA, SBA Case No. 10-04-002, on November 12, 2003, but with only on two allegations.

18. The first allegation was whether Plaintiff Kelly had been subjected to discrimination based on Race (African American) and Age (over 40) when on July 3, 2003, he received a PIP.

19. The second allegation was whether Plaintiff Kelly had been subjected to Retaliation (for filing a complaint of discrimination) when on October 10, 2003, his supervisor sent a letter to his home requesting the status of several cases by October 17, 2003.

20. On November 3, 2003, counsel for Plaintiff Kelly wrote EEOCRC to request the specific amendment of Kelly v. SBA, SBA Case No. 10-04-002 to include the October 27, 2003 Letter of Reprimand sent to Plaintiff's Kelly home for failure to respond to the October 10, 2003 letter as an amendment or new claim of retaliation.

21. Additionally, the November 3, 2003 letter from counsel set forth the specific relief that Plaintiff Kelly was requesting.

22. The November 12, 2003 letter from EEOCRC did not include the second allegation of retaliation based upon the October 27, 2003 Letter of Reprimand as retaliation or the individual claims from the class EEO complaint.

23. Plaintiff Kelly timely filed a grievance under Article 39, "Grievance Procedure" of the 1999 Master Agreement between the U.S. Small Business Administration and the American Federation of Government Employees due to the issuance of the Letter of Reprimand.

24. As of the date of this filing, the Defendant has not responded to Plaintiff's grievance in a timely or any other manner.

25. When Plaintiff returned to work on November 4, 2003, no one told him he was still on the PIP, but then he received an email the next day extending the PIP until February 5, 2004.

26. On December 17, 2003, the Appellant and his supervisor signed the SBA Personal Business Commitment Plan (Employer/Team Leader) that set forth the performance plan and critical elements for FY 2004 for Business Opportunity Specialists as required by 5 CFR § 430.206(b)(2).

27. On February 5, 2004, the Appellant received his 1st quarter review where his supervisor and he signed to indicate that they had met and discussed his performance under the plan.

28. During this meeting, his first-line supervisor, Leo Sanchez, who signed the Plaintiff's 1st quarter review did not discuss the requirements of the Plaintiff's PIP only the Plaintiff's performance under the SBA Personal Business Commitment Plan.

6

29. On April 5, 2004, EEOCRC notified Plaintiff Kelly by and through counsel that the investigation into Kelly v. SBA, SBA Case No. 10-04-002, had been completed and notified Plaintiff of his appeal rights.

30. The Report for Investigation ("ROI") was enclosed with the notification and included the individual EEO complaint that was filed in conjunction with the class EEO complaint on October 8, 2003 as well as the amendment to that complaint to more closely conform to the class EEO complaint filed by counsel for Plaintiff Kelly on October 28, 2003.

31. Since Kelly v. SBA, SBA Case No. 10-04-002 did not address the allegations raised in either the class EEO complaint or in Plaintiff's individual EEO complaint filed in conjunction with class EEO complaint, the Report of Investigation filed in the above-numbered matter did not address those issues.

32. On April 22 and 23, 2004, Plaintiff's first-line supervisor, Leo Sanchez, held 2nd quarter performance reviews for every employee under his supervision except the Plaintiff.

33. April 23, 2004 was the 45th day for filing an age discrimination complaint by the Plaintiff against Leo Sanchez and Eugene Cornelius for preventing his attendance at the workshop training at the Defense Acquisition University – Defense Systems Management College of Fort Belvoir, VA 22060-5565 on February 25, 2005.

34. On February 24, 2005, Eugene Cornelius, Assistant Administrator for GCBD, had instructed that an email be sent to all SDB staff to have all SDB

staff present at 8:00 a.m. to ride in the van to attend the above-described workshop training.

35. When the Plaintiff arrived the van was full, but others were riding with Mr. Cornelius and space was still available in his car, but Leo Sanchez told the Plaintiff that he did not need to attend the workshop.

36. Mr. Cornelius, Mr. Sanchez, nor Mr. Stubblefield, the second-in-command in GCBD, would give the Plaintiff permission to drive his own car to the workshop training that was vital to the A-76 outsourcing process.

37. The Plaintiff filed an age discrimination complaint against Eugene Cornelius and Leo Sanchez by and through undersigned counsel by hand on EEOCRC and the Defendant on April 23, 2004.

38. Counsel for Plaintiff delivered by hand on April 23, 2004, the response to the notification requesting a Final Agency Decision, a rebuttal to the Report of Investigation, and a letter setting forth that EEOCRC had not issued a written decision with respect to accepting or denying the EEO complaints filed by counsel on October 8, 2003 arising out of the events occurring on August 6, 2003, when the Plaintiff left the agency after a confrontation in Mr. Sanchez's office concerning the first meeting to clarify and review Plaintiff's PIP; or on the individual EEO complaint of discrimination on the basis of race (African American) to a class EEO complaint filed that same date concerning the process of the FY 2003 performance appraisal among other claims.

39. Since no written decision had been made by EEOCRC on these issues, no investigation was conducted on these issues.

40. EEOCRC had not accepted the amendment that counsel for Plaintiff had made to Kelly v. SBA, SBA Case No. 10-04-002 with respect to the Letter of Reprimand issued on October 27, 2003.

41. The Defendant has not issued a Final Agency Decision in Kelly v. SBA, SBA Case No. 10-04-002, as has been requested on April 23, 2004, pursuant to 29 C.F.R. § 1614.110, within 60 days of receiving notification that a complainant has requested an immediate decision from the agency.

42. Sixty (60) days of receiving notification that a complainant had requested an immediate decision from the agency expired on June 22, 2004.

43. Plaintiff Kelly was removed for unacceptable performance based upon the PIP that he has alleged in Kelly v. SBA, SBA Case No. 10-04-002, was issued due to discrimination based upon Race (African American) and Age (over 40) effective July 3, 2004.

44. On August 26, 2004, EEOCRC responded to the April 23, 2004 letter of counsel for the Plaintiff well after more than 180 days for the administrative processing provided by 42 U.S.C. § 2000e-16(c).

45. EEOCRC proposed to reopen the investigation to include the August 6, 2003 events and the October 27, 2003 Letter of Reprimand, but denied receipt of the November 4, 2003 letter from counsel for Plaintiff, and stated that since the issues raised in the individual complaint were included in the class complaint that had not been certified by the Equal Employment Opportunity Commission ("EEOC"), no action would be taken on the individual complaint.

9

46. On May 11, 2004, EEOCRC acknowledged receipt of the age discrimination complaint filed by the Plaintiff on April 23, 2004, Kelly v. SBA, SBA Case No. 04-04-010, by letter to undersigned counsel.

47. An amendment to the April 23, 2004 EEO complaint was hand-delivered to EEOCRC on May 17, 2004, to add an EEO complaint of retaliation for filing an EEO complaint in that Plaintiff Kelly received a Proposed Letter of Removal on May 12, 2004, at 3:33 p.m.

48. The time of the delivery of the Proposed Letter of Removal is crucial because the signer of the letter, Leo Sanchez, stated in an email at 2:46 p.m. stating that he was no longer involved with SDB matters and signing the email as Senior Program Analyst HUBZones.

49. Mr. Sanchez signed the Plaintiff's Proposed Letter of Removal 45 minutes later as Supervisor, DCPE.

50. Pursuant to SOP 37 11 2, Chapter 1, Question 6(a)(3), first level or higher supervisors may propose to suspend, demote or remove a subordinate employee.

51. EEOCRC issued a Notice of Partial Acceptance/Dismissal in Kelly v. SBA, SBA Case No. 04-04-010, on May 27, 2004, accepting the age discrimination EEO complaint based on denial of training on February 25, 2004, but dismissing the retaliation complaint for a proposed dismissal.

52. The April 23, 2004 EEO complaint of Plaintiff Kelly was amended on July 23, 2004, for retaliation based upon his removal from his position as Business Opportunity Specialist, GS-1101-12, Office of Small Disadvantaged

Business Certification and Eligibility, Office of Government Contracting and Business Development, and from the Federal service effective close of business July 3, 2004.

53. EEORC never took any other action on the age discrimination complaint after partially denying it on May 27, 2004.

54. The 180-days for administrative processing of Kelly v. SBA, SBA Case No. 04-04-010, expired on October 19, 2004.

55. EEOCRC accepted this amendment of Kelly v. SBA, SBA Case No. 04-04-010, on July 30, 2004.

56. Plaintiff Kelly appealed his removal and alleged discrimination based race and age to the Merit Systems Protection Board (hereinafter "MSPB") on July 26, 2004; therefore, the amendment for retaliation based upon the removal was within the jurisdiction of the MSPB.

57. Prior to filing the above-discussed EEO complaint for retaliation with the Defendant, Plaintiff, by and through undersigned counsel, had hand-delivered an appeal of his effective July 3, 2004 letter terminating him as a BOS with the Defendant and removing him from Federal service to the Merit Protection Service Board (MSPB) on July 16, 2004.

58. The MPSB issued an Acknowledgement Order on July 22, 2004 initiating Plaintiff's Kelly's appeal of his removal, Docket No. DC-1221-0193-W-1.

59. During the Status Conference of September 10, 2004 with Administrative Judge Cook and Defendant Representative German Gomez, Administrative Judge Cook of the MSPB informed Plaintiff Kelly and undersigned

counsel that the MSPB had sole jurisdiction over the EEO retaliation claim in a mixed case appeal.

60.     Therefore, on September 27, 2004, Plaintiff Kelly, by and through undersigned counsel withdrew the EEO retaliation claim from the Defendant pursuant to 5 C.F.R. § 1201.154(a) that requires either the filing of a timely appeal to the MSPB alleging discrimination or the filing of an EEOC claim with the agency.

61.     By Order dated December 7, 2004, Administrative Judge Cook dismissed without prejudice Plaintiff Kelly's appeal before the MSPB pursuant to 5 U.S.C. § 7702(e)(1)(B) that allows an appellant to appeal his claim to the appropriate Federal district court where, as here, he filed a mixed-case appeal and 120 days elapsed without final Board action. (See Attachment 1)

62.     Plaintiff filed a civil complaint for the failure of the Defendant to act within 180 days on any of the above EEO complaints, Civil Action No. 04-1262, that was dismissed without prejudice on March 16, 2005, by Judge Emmet G. Sullivan. (See Attachment 2)

### COUNT 1
**(Plaintiff was aggrieved by the Defendant's failure to decide SBA Case No. 10-04-002 within 180 days as required by 42 U.S.C. § 2000e-16(c))**

63.     Plaintiff Kelly filed an individual EEO complaint in conjunction with the class EEO complaint on October 8, 2003.

64.     This individual EEO complaint was not accepted as a part of <u>Kelly v. SBA</u>, SBA Case No. 10-04-002.

65.  Plaintiff Kelly filed an amendment or a new complaint for the October 27, 2003 Letter of Reprimand alleging retaliation.

66.  This amendment or new complaint was not accepted as a part of Kelly v. SBA, SBA Case No. 10-04-002 or as a new case.

67.  Plaintiff Kelly did not receive a Final Agency Decision as requested on April 23, 2004 within the 60 days provided by 29 C.F.R. § 1614.110.

68.  Plaintiff is and has been aggrieved by the failure of the agency to act on either his individual EEO complaint filed in conjunction with the class EEO complaint or his complaint for the October 27, 2003 Letter of Reprimand alleging retaliation or to decide Kelly v. SBA, SBA Case No. 10-04-002.

69.  Without deciding Kelly v. SBA, SBA Case No. 10-04-002, or acting on his individual complaint, or acting on his complaint for the October 27, 2003 Letter of Reprimand alleging retaliation, Plaintiff is and has been aggrieved because, effective July 3, 2004, Plaintiff Kelly was removed from his position of Business Opportunity Specialist, GS-1101-12, Office of Small Disadvantaged Business Certification and Eligibility, Office of Government Contracting and Business Development, and from the Federal service.

70.  In both his individual complaint and as a separate complaint, Plaintiff complained that the PIP that was the basis of his removal was imposed upon him for racially discriminatory reasons as well as retaliatory reasons.

71.  Without a final decision on Kelly v. SBA, SBA Case No. 10-04-002, Plaintiff could not appeal directly to this Honorable Court any adverse finding of the Defendant that his supervisor had imposed a PIP on him for his mid-year

2003 performance evaluation while treating the Hispanic employee differently based upon the evidence gathered in the Report on Investigation of the class complaint, Clary v. SBA, SBA Case No. 10-04-001.

72. By violating the 180-day rule imposed by 42 U.S.C. § 2000e-16(c), the Defendant further aggrieved the Plaintiff by leaving him without the financial means to pursue his EEO complaints against the validity of the PIP from race and age discrimination and retaliation that was the basis of his removal from his position with the Defendant and from the federal service.

### COUNT 2
**(Plaintiff was aggrieved by the Defendant's failure to decide SBA Case No. 04-04-010 within 180 days as required by 42 U.S.C. § 2000e-16(c))**

73. The only action taken by the Defendant on Kelly v. SBA, SBA Case No. 04-04-010, was to partially dismiss the amended complaint on May 27, 2004, but because the Plaintiff filed the age discrimination complaint on April 23, 2004, he did not receive his 2nd quarter review under the SBA Personal Business Commitment Plan (Employer/Team Leader) that Plaintiff and his first-line supervisor, Leo Sanchez, signed on December 17, 2003.

74. Plaintiff was aggrieved by not receiving his 2nd quarter review on April 23, 2004 as all other employees supervised by Leo Sanchez did since the Defendant used the lack of the 2nd quarter review to act as if the Plaintiff's PIP was still in effect.

75. Plaintiff's PIP had been superseded by the SBA Personal Business Commitment Plan (Employer/Team Leader) signed on December 17, 2003, but Defendant acted as if Plaintiff was still on the July 3, 2003 PIP and used the PIP

as the basis for a Proposed Letter of Removal issued on May 12, 2004 at 3:33 p.m.

75. Plaintiff was aggrieved by the failure of the Defendant to act within the 180 days on <u>Kelly v. SBA</u>, SBA Case No. 04-04-010, because even though Leo Sanchez was not his first-line supervisor at the time of the issuance of the Proposed Letter of Removal, David L. King, as Deciding Official, issued an order removing the Plaintiff from his position as Business Opportunity Specialist, GS-1101-12, Office of Small Disadvantaged Business Certification and Eligibility, Office of Government Contracting and Business Development, and from the Federal service effective close of business July 3, 2004.

76. Plaintiff was aggrieved by the failure of the Defendant to act within the 180 days on <u>Kelly v. SBA</u>, SBA Case No. 04-04-010, because the proposal to remove and the removal of Plaintiff were in retaliation for Plaintiff filing the age discrimination complaint against Eugene Cornelius and Leo Sanchez for denying him training that Eugene Cornelius had required all employees of SDB to attend as vital to the outsourcing process that the employees were undergoing.

**COUNT 3**
**(Plaintiff was aggrieved by the failure of the Merit System Protection Board to decide his appeal of his removal from the Defendant and the federal service within 120 days)**

77. Plaintiff was aggrieved by the failure of the Merit System Protection Board ("MSPB") to act on Docket No. DC-1221-0193-W-1 within the 120 days required by 5 U.S.C. § 7702(e)(1)(B) and 29 C.F.R. § 1614.310(h) because Plaintiff had withdrawn the retaliation claim from <u>Kelly v. SBA</u>, SBA Case No. 04-04-010, due to the requirement to choose one jurisdiction over his claim.

78. The Plaintiff chose the MSPB and withdrew the retaliation claim from Kelly v. SBA, SBA Case No. 04-04-010, and now the Plaintiff does not have a decision on whether his removal from his position as Business Opportunity Specialist, GS-1101-12, Office of Small Disadvantaged Business Certification and Eligibility, Office of Government Contracting and Business Development, and from the Federal service effective close of business July 3, 2004 was in retaliation for his filing the age discrimination claim on April 23, 2004.

79. Plaintiff Kelly is exercising is right to appeal his MSPB appeal to this Honorable Court under 5 U.S.C. § 7702(e)(1)(B) since more than 120 days have elapsed without final Board action.

**PRAYER FOR RELIEF**

80. WHEREFORE, Plaintiff respectfully prays that this Court order the following relief:

    a. Award to Plaintiff Kelly against Defendant damages in the amount of $1,500,000.00 for violation of 42 U.S.C. § 2000e-16(c);

    b. Award to Plaintiff Kelly against Defendant attorney's fees and other litigation costs;

    c. Enjoin the Defendant from discriminatory and retaliatory conduct against Plaintiff Kelly in the future; and,

    d. Award to Plaintiff Kelly such additional relief as justice may require.

81. WHEREFORE, Plaintiff respectfully prays that this Court order the following relief:

    a. Award to Plaintiff Kelly against Defendant damages in the amount of $300,000.00 for violation of 42 U.S.C. § 2000e-16(c);

    b. Award to Plaintiff Kelly against Defendant all remedies permitted under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-634;

    c. Award to Plaintiff Kelly against Defendant attorney's fees and other litigation costs;

    d. Enjoin the Defendant from discriminatory and retaliatory conduct against Plaintiff Kelly in the future; and,

    e. Award to Plaintiff Kelly such additional relief as justice may require.

82. WHEREFORE, Plaintiff respectfully prays that this Court order the following relief:

    a. Award to Plaintiff Kelly against Defendant damages in the amount of $300,000.00 for violation of 42 U.S.C. § 2000e-16(c);

    b. Reinstate Plaintiff Kelly to his position as Business Opportunity Specialist, GS-1101-12, and to the Federal Service with back-pay, interests, lost benefits, and any and all other damages suffered due to loss of his position due to retaliation for filing an age discrimination complaint;

c.  Award to Plaintiff Kelly against Defendant attorney's fees and other litigation costs;

d.  Enjoin the Defendant from discriminatory and retaliatory conduct against Plaintiff Kelly in the future; and,

e.  Award to Plaintiff Kelly such additional relief as justice may require.

Date:  May 5, 2005          Respectfully submitted,

THE LAW FIRM OF BELVA D. NEWSOME

*[signature]*

Belva D. Newsome, D.C. Bar No. 244418
5402 Connecticut Avenue, NW
Suite 203
Washington, DC  20015-2844
(202) 558-7669
(202) 315-2515 (facsimile)

*Attorney for Plaintiff*