UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEVIN R. KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-0900 (PLF) |
| | ) | |
| HECTOR V. BARRETO, | ) | |
| Administrator, United States Small | ) | |
| Business Administration, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter is before the Court on plaintiff's motion for leave to file a first amended complaint and defendant's motion for judgment on the pleadings. Upon consideration of the motions and the associated oppositions and replies, the Court entered an Order on March 31, 2006 granting each motion. This Opinion explains the reasons for that Order.

I. BACKGROUND

Plaintiff Kevin Kelly was formerly employed by the United States Small Business Administration ("SBA") as a Business Opportunity Specialist. First Amended Complaint ("Am. Compl.") ¶ 4. On October 8, 2003, he made a race discrimination complaint to defendant concerning several different matters, including his mid-year review. Id. ¶¶ 9-10. On the same day, he filed a second race and age discrimination complaint concerning other matters, including the fact that his supervisor placed him on a Performance Improvement Plan ("PIP"). Id. ¶¶ 11-13. Eight days later, plaintiff amended his second complaint to add a claim of retaliation. Id.

¶ 16.  Defendant's Office of Equal Rights and Civil Rights Compliance accepted and consolidated these two complaints into one agency case on November 12, 2003.  Id. ¶ 17.

On April 5, 2004, defendant notified the plaintiff that the investigation into his case was complete and issued its investigative report.  Am. Compl. ¶¶ 29-30.  Plaintiff claims that this report did not address all aspects of the claims he made.  On April 23, 2004, he filed an additional age discrimination complaint and requested that the agency make an immediate Final Agency Decision on his earlier complaints.  Id. ¶¶ 37-38.  Defendant partly accepted and partly denied the defendant's April 23, 2004 age discrimination complaint on May 27, 2004.  Id. ¶ 51.  Thereafter, plaintiff made several amendments to this April 2004 complaint.  Id. ¶¶ 47, 52.  Effective July 3, 2004, defendant was terminated and removed from federal service for unacceptable performance based on the PIP described in his initial complaints.  Id. ¶¶ 43, 57.  On July 23, 2004, plaintiff amended his April 2004 complaint to include a claim of retalation for his removal from service.  Id. ¶ 52.  Defendant accepted that amendment on July 30, 2004.  Id. ¶ 55.

Plaintiff appealed his termination to the Merit Systems Protection Board ("MSPB") on July 26, 2004.  Am. Compl. ¶ 56.  He withdrew the pending termination complaint from review before the agency on September 27, 2004, after he was informed that he could only proceed before either the MSPB or the agency in a mixed case appeal.  Id. ¶ 60.  Plaintiff separately filed suit in this Court against the agency on his various discrimination complaints not related to his termination and removal,.  That lawsuit was dismissed without prejudice on March 16, 2005.  Id. ¶ 62.  On December 7, 2004, on plaintiff's motion, the MSPB dismissed without prejudice his discrimination complaint relating to his termination and removal from federal service.  Id. ¶ 61

Plaintiff filed the instant lawsuit on May 5, 2005, asserting three claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000(e) et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. See Original Complaint ("Orig. Compl.") ¶¶ 1, 80-82. In the first and second counts of his original complaint, plaintiff alleged that he was "aggrieved by the Defendant's failure to decide" two discrimination complaints filed with the defendant "within 180 days as required by 42 U.S.C. § 2000e-16(c)." See Orig. Compl. at 12, 14. Plaintiff stated in Count One of the original complaint that defendant's failure to decide his discrimination complaint within 180 days caused him to lose his job with defendant and "the financial means to pursue his EEO complaints." Orig. Compl. ¶¶ 69, 72. In Count Two of the original complaint, plaintiff again alleged that defendant's failure to decide a second discrimination complaint within 180 days caused him to lose his job. See Orig. Compl. ¶¶ 75, 76. Finally, in Count Three of his original complaint, plaintiff alleged that he was "aggrieved by the failure of the Merit System Protection Board to decide his appeal of his removal from the Defendant and the federal service within 120 days." Orig. Compl. at 15.

Plaintiff subsequently filed a motion for leave to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. His proposed amended complaint contains four counts, the first three of which are substantially the same as those in his original complaint. Am. Compl. ¶¶ 1-91. In the fourth count of his proposed amended complaint, the plaintiff alleges that he was removed from his position with defendant and from federal service based upon his age and race and in retaliation for his prior discrimination complaints, in violation of both Title VII and the ADEA. Id. ¶¶ 92-111.

Defendant filed his motion for judgment on the pleadings before plaintiff had filed his motion to amend the complaint, arguing that the allegations set forth in the three counts of plaintiff's original complaint did not in themselves state a claim. See Memorandum of Points and Authorities in Support of Defendant's Motion for Judgment on the Pleadings ("Def.'s Mem.") at 3-4. After plaintiff filed his motion for leave to amend the complaint, defendant responded in a combined filing in which he both opposed the motion to amend and provided further support for the motion for judgment on the pleadings. He maintained that his arguments for dismissal of the original complaint similarly supported the dismissal of the first three counts of plaintiff's proposed first amended complaint. The Court therefore has treated the motion for judgment on the pleadings as one addressed to the amended complaint.

## II.  DISCUSSION

*A. Plaintiff's Motion for Leave to File First Amended Complaint*

Plaintiff's proposed first amended complaint adds factual information to support the first three counts of the original complaint and adds a fourth count alleging the race and age discrimination and adding a claim of retaliation underlying his race and age discrimination complaints under Title VII and the ADEA. Defendant argues that permitting the amendment of the complaint would be futile. Defendant's Reply to Plaintiffs Opposition to Defendant's Motion for Judgment on the Pleadings and Memorandum in Opposition to Plaintiff's Motion for Leave to Amend the Complaint ("Def.'s Reply") at 1. Defendant maintains that the first three counts of the proposed amended complaint must still be dismissed for the same reasons that the original complaint should be dismissed. He further argues that to permit the new fourth count to be

added -- bringing a claim of retaliation on the underlying discrimination -- is futile, because even if the Court granted plaintiff's motion to amend, the Court would have to stay proceedings pending a decision from the Merit Systems Protection Board.  See id.

Rule 15(a) of the Federal Rules of Civil Procedure allows for the liberal amendment of pleadings by leave of the Court, "when justice so requires."  FED. R. CIV. P. 15(a).  See, e.g., Davis v. Liberty Mutual Insurance Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments") (citations omitted).  The presumption runs in the plaintiff's favor that he may amend his complaint "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court does not agree with the defendant that plaintiff's proposed amendments are futile.  The defendant acknowledges that Count Four of the amended complaint adds a substantive claim not previously asserted and that its addition will permit the case to remain before the Court even if the defendant's pending motion for judgment on the pleadings is granted with respect to the first three counts. Def.'s Reply at 2.  The fact that the case might then be stayed (should defendant succeed in its argument that MSPB should be permitted to render a decision on the claims underlying the fourth count) does not change the fact that plaintiff's proposed amendment creates a viable cause of action on which he may proceed.  Such an amendment therefore is not a futile act. Given the presumption in favor of the plaintiff on a motion for leave to amend, the lack of demonstrated prejudice to the defendant, and the

defendant's failure to demonstrate that such an amendment would be futile, the Court grants plaintiff's motion for leave to file a first amended complaint.

*B. Defendant's Motion for Judgment on the Pleadings*

1. Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard of review for motions for judgment on the pleadings under Rule 12(c) of the Federal Rules is essentially the same as that for motions to dismiss under Rule 12(b)(6). See Ramirez v. Dep't of Corrections, 222 F.3d 1238, 1240-41 (10th Cir. 2000); Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987); Does I through III v. District of Columbia, 238 F. Supp.2d 212, 216 (D.D.C. 2002) (citations omitted). On either motion, the Court may not rely on facts outside the pleadings and must construe the complaint in the light most favorable to the non-moving party. See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). A court may grant judgment on the pleadings only if it appears beyond doubt, based on the allegations contained in the complaint, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Alicke v. MCI Communications Corp., 111 F.3d 909, 912 (D.C. Cir. 1997).

2. Counts One and Two of the Amended Complaint

Plaintiff alleges in Count One of his amended complaint that he was aggrieved by defendant's failure to decide an EEO complaint filed by him on October 8, 2003 within 180 days,

as required by Title VII. Am. Compl. ¶¶ 63-72. He makes the same allegation in Count Two with respect to another EEO complaint (the date on which he filed that complaint is not clear from the complaint). Id. ¶¶ 73-81. The defendant moves for judgment on the pleadings because the statute in question creates no cause of action based on the failure to timely process a complaint. The defendant is correct.

Plaintiff cites to a "180-day rule imposed by 42 U.S.C. § 2000e-16(c)." Am. Compl. ¶ 72. The relevant portion of the statute states that:

> [A]fter one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action . . .

42 U.S.C. § 2000e-16(c). While this statute establishes that 180 days is the period of time that an employee must wait before bringing suit in federal court, it does not provide a separate cause of action against an employer for not having taken final action within the specified period of time. The expiration of the 180 days only provides the defendant with the ability to proceed to court on his underlying discrimination complaint. See Carter v. Greenspan, 304 F.Supp.2d 13, 31 (D.D.C. 2004) ("it is clear that Title VII creates no independent cause of action for the mishandling of an employee's discrimination complaints") (citing Nelson v. Greenspan, 163 F.Supp.2d 12, 18 (D.D.C. 2001)). The statutory language that the plaintiff is "aggrieved . . . by the failure to take final action" on his administrative complaint is merely the predicate for filing suit on the underlying Title VII discrimination claims, not the basis for an independent claim against the

agency for failing to act. Id. The Court therefore must grant judgment to the defendant on both Counts One and Two of the amended complaint.

### 3. Count Three of the Amended Complaint

In Count Three of the amended complaint, plaintiff alleges that he has been aggrieved by the Merit Systems Protection Board's failure to decide his appeal of his removal from employment with the defendant and federal service within 120 days pursuant to 5 U.S.C. § 7702(e)(1)(B) and 29 C.F.R. § 1614.310(h). See Am. Compl. ¶ 89. Plaintiff discusses at length the reasons for the delays in the appeal before the MSPB, including the parties' joint motion for extension of discovery, approved by the Administrative Judge. Id. ¶¶ 84-87. While it is not clear how the defendant can be held responsible for the MSPB's failure to decide plaintiff's appeal within 120 days, nor how such responsibility would be allocated given plaintiff's consent to the suspension of the appeal while the discovextension of discovery, it is irrelevant to the issue at hand. The statutory and regulatory authority to which defendant cites again does not provide an independent basis for relief.

5 U.S.C. § 7702(e)(1)(B) reads in relevant part:

> Notwithstanding any other provision of law, if at any time after . . . the 120th day following the filing of an appeal with the [Merit Systems Protection] Board, . . . there is no judicially reviewable action . . . an employee shall be entitled to file a civil action to the same extent and in the same manner as provided in section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)).

Just as was the case with respect to the statutory authority on which plaintiff relies in Counts One and Two of the complaint, the statute cited by plaintiff in Count Three merely provides the

mechanism by which the plaintiff may bring his underlying claim of discrimination before this Court. It does not provide a separate cause of action against the defendant.

4.   Count Four of the Amended Complaint

Defendant argues he is also entitled to judgment on the pleadings on Count Four of the Amended Complaint because plaintiff failed to administratively exhaust his termination claim. Def.'s Mem. at 4-6. The Court disagrees. Plaintiff's complaint that he was terminated due to discrimination and retaliation is a "mixed case" -- that is, one in which "an adverse personnel action subject to appeal to the MSPB [is] coupled with a claim that the action was motivated by discrimination." Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999) (citations omitted); see also 29 C.F.R. § 1614.302(a). In such a case, the "aggrieved person may initially file a mixed complaint with an agency . . or an appeal on the same matter with the MSPB . . . , but not both." 29 C.F.R. § 1614.302(b). Where a person does file both, "whichever is filed first shall be considered an election to proceed in that forum." Id. Plaintiff originally attempted to proceed on his termination complaint before both the SBA and the MSPB. Am. Compl. ¶¶ 52, 55, 56. He filed an amendment to his April 2004 complaint that was pending before the SBA on July 23, 2004. Id. ¶ 52. He filed a mixed case appeal with the MSPB on July 26, 2004. Id. ¶ 56. The SBA accepted his July 23, 2004 amendment on July 30, 2004. Id. ¶ 55. This raises the issue of whether the plaintiff's July 23, 2004 amendment to his agency complaint should be considered as having been filed on that date or whether it was filed on July 30, 2006, when it was accepted. This potentially could be important in view of his filing with the MSPB during the week in between these two dates. The Court concludes that it need not decide this issue, however.

This situation was apparently raised and discussed at a status conference before the MSPB administrative judge on September 10, 2004. Am. Compl. ¶ 59. As a result, plaintiff withdrew his agency claim on September 27, 2004, and proceeded solely on his MSPB appeal. Id. ¶ 60. Apparently, the MSPB administrative judge felt that such a solution was acceptable and did not dismiss the appeal; rather, he retained jursidiction over the matter until plaintiff requested dismissal so that he might proceed in this Court. Id. ¶ 61; see Orig. Compl., Attachment 2, Initial Decision of MSPB. Certainly, no further information exists in the pleadings (on which the Court must rest to make its decision) to support any assertion that plaintiff's dual filing and subsequent withdrawal of his agency complaint constitute a failure to exhaust. The Court therefore cannot grant defendant's motion for judgment on the pleadings with respect to Count Four of the amended complaint.

Defendant argues that even if plaintiff has administratively exhausted his complaint, this case should nevertheless be stayed and remanded to the MSPB as a "mixed case." Def.'s Reply at 4-5. Defendant particularly cites to Butler v. West, 164 F.3d 634 (D.C. Cir. 1999), in which the D.C. Circuit stated that staying and remanding a "mixed case" could be advantageous because it "would allow the court to benefit from the exercise of MSPB expertise" and "preserv[e] judicial resources while simultaneously protecting the right of appeal." Id. at 643. The court in Butler did not, however, require such a stay and remand. See id. at 643 ("we see no reason why the district court cannot stay the case or hold it in abeyance, for a reasonable period of time.") (citation omitted). In fact, the D.C. Circuit explicitly recognized the plaintiff's right to proceed to federal court without awaiting a final decision from the MSPB as having been a result intended by Congress; the district court therefore retained jurisdiction over the claim. Id.

at 642. The decision of whether to stay and remand the proceeding was clearly left to the discretion of the district court. Id. (remanding to the district court, *not* to the MSPB, for further proceedings).

This Court declines to exercise that discretion at this time. The plaintiff will be permitted to pursue his retaliation claim under Count Four in this Court, as he has properly exhausted his administrative remedies and this Court has jurisdiction over that claim. Indeed, independent of this Court's order of March 31, 2006, the parties jointly proposed a discovery schedule on July 21, 2006, so that the case might proceed. This Court approved that schedule in an order entered on August 14, 2006.

## III.   CONCLUSION

Based on the pleadings, the motions, oppositions, and associated replies, and for the reasons set forth herein, the Court grants plaintiff's motion to amend his complaint, grants defendant's motion for judgment on the pleadings with respect to Counts One, Two, and Three of the amended complaint, and denies the motion for judgment on the pleadings with respect to Count Four. An Order on these motions issued on March 31, 2006. An Amended Order consistent with this Opinion will issue this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 5, 2006